IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

David Van Wormer, )
    Petitioner, )
)
v. ) 1:08cv1265 (AJT/TRJ)
)
Harris L. Diggs, )
    Respondent. )

FILED NOV 23 2009
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

David VanWormer, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction of sodomy in the Circuit Court for Chesterfield County, Virginia. Respondent has filed a Motion to Dismiss and Rule 5 Answer. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and has filed a Motion to Quash in response.[1] For the reasons that follow, VanWormer's claims must be dismissed.

### I.

On June 26, 2007, petitioner was sentenced to forty years with thirty-two years suspended following a conviction of forcible sodomy. Pursuant to a plea agreement, petitioner pled guilty to engaging in sodomy with his then-eleven year old step-daughter. VanWormer did not appeal his conviction, and a Motion to Reduce/Suspend was denied. Pet. at 1. VanWormer then filed a habeas petition in the Supreme Court of Virginia, raising the following claims:

1. Ineffective assistance of counsel for failing to file motions and failing to keep petitioner informed;
2. Police coercion involving physical contact during interrogation;
3. Failure to provide warnings as required by Miranda; and

---

[1] Petitioner does not indicate what he wants quashed, but his Motion appears to serve as a reply to respondents' Motion to Dismiss.

  4. Withholding of exculpatory evidence by the Commonwealth Attorney and by petitioner's trial counsel.

The Supreme Court of Virginia dismissed the petition. <u>VanWormer v. Warden of the Buckingham Correctional Center</u>, R. No. 081048 (Va. Nov. 20, 2008). On December 5, 2008, VanWormer filed the instant petition, raising the following claims:

1. Ineffective assistance of counsel for:
   a. Failure to file motions;
   b. Failure to turn over exculpatory evidence to the Commonwealth's Attorney;
   c. Failure to communicate with petitioner; and
   d. Telling petitioner to plead guilty for time served;
2. Police coercion;
3. Failure by police to provide warnings as required by <u>Miranda</u>; and
4. Withholding of exculpatory evidence in that: (a) petitioner's attorney failed to provide the Commonwealth's Attorney with the victim's recantation; and (b) medical examination results were not provided to petitioner's attorney.

Respondent filed a Rule 5 Answer and a Motion to Dismiss the petition. Petitioner filed a Motion to Quash in response to respondent's motion. Accordingly, this matter is now ripe for review.

## II.

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially

2

indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. This standard of reasonableness is an objective one. Id. at 410.

### III.

Claim 1: Ineffective Assistance of Counsel

VanWormer has failed to show that the state court's adjudications are contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984), or are based on an unreasonable determination of the facts, and therefore his ineffective assistance of counsel claims fail. See 28 U.S.C. § 2254(d).

To establish ineffective assistance of counsel, petitioner must show that (1) "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the range of professionally competent assistance," Strickland, 466 U.S. at 690 (defining ineffective assistance of counsel as falling below an objective standard of reasonableness and applying a strong presumption of competence and deference to attorney judgment); and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A successful petition "must show both deficient performance and prejudice," and "the two are separate and distinct elements of an ineffective assistance claim." Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994). Moreover, a court does not need to review the reasonableness of counsel's performance if the petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

3

The two-part Strickland test also "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). In the context of a guilty plea, the "performance" prong of the Strickland test 'is nothing more than a restatement of the standard of attorney competence already set forth in . . . McMann v. Richardson,' 397 U.S. 759, 771 (1970), that is, whether the advice of counsel "was within the range of competence demanded of attorneys in criminal cases." Id. at 58-59. With regard to the "prejudice" prong in the context of a guilty plea, a petitioner must show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000).

In reviewing a petitioner's claim of ineffective assistance of counsel regarding a plea agreement, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Declarations made "in open court carry a strong presumption of veracity," and "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74. Thus, absent clear and convincing evidence to the contrary, a defendant is bound by his representations at a plea colloquy concerning the voluntariness of the plea and the adequacy of his representation. Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001).

In Claim 1(a), petitioner asserts that counsel's failure to file any motions constituted ineffective assistance. The record indicates that counsel investigated petitioner's case and found no need to file motions. See Resp't Ex. 1, Aff., at 2. Furthermore, as noted by the Supreme Court of Virginia, petitioner was asked by the Circuit Court judge whether he was satisfied with his

defense attorney's representation, and he indicated that he was. Tr. 14:4-14:6, Feb. 28, 2007. Petitioner has given no reason why he should not be bound by this sworn representation, and thus Claim 1(a) will be dismissed.

In Claim 1(b), petitioner alleges that counsel failed to turn over exculpatory evidence to the Commonwealth's Attorney. According to petitioner, trial counsel knew about the results of a medical examination performed on the victim, but failed to send the results to the Commonwealth's Attorney. As noted above, petitioner stated in court that he was satisfied with his counsel's representation, and petitioner has given no reason why he should not be bound by this representation. Thus, Claim 1(b) will be dismissed as well.

In Claim 1(c), petitioner alleges that counsel failed to maintain adequate communication with petitioner regarding the status of his case. Again, petitioner has given no reason why he should not be bound by his testimony at the plea colloquy that he was satisfied with his counsel's representation, and Claim 1(c) will be dismissed.

In Claim 1(d), petitioner asserts that counsel was ineffective in telling petitioner to plead guilty. Petitioner states that when asked by the court whether anyone coerced him into pleading guilty, he replied "No" because he had not felt coerced at the time. He also states that contrary to his sworn testimony, petitioner did not actually read the plea agreement before pleading guilty. See Blackledge, 431 U.S. at 73-74 (holding a defendant bound by his representations. Despite these allegations, petitioner has failed to meet either prong of the Strickland test. Specifically, the record indicates that petitioner had a clear understanding of what pleading guilty entailed and had the opportunity to discuss his plea with counsel. Tr. 14, Feb. 28, 2007. Furthermore, the trial judge reviewed the terms of the plea agreement with petitioner. Id. at 15-17. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that the outcome of the trial

5

would have been different but for counsel's errors. <u>Hill</u>, 474 U.S. at 59. Claim 1(d) will be dismissed.

### Claims 2 and 3: Police Coercion and Failure to Recite Miranda Warnings

In Claim 2, petitioner asserts that a detective coerced him by lying to petitioner, rubbing his knee, and denying his request for an attorney. Petitioner alleges in Claim 3 that the police failed to recite <u>Miranda</u> warnings to petitioner upon his arrest. Because voluntary guilty pleas waive complaints concerning constitutional violations that occurred prior to the plea, Claims 2 and 3 have been waived and will be dismissed. <u>See</u> <u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973); <u>Brady v. United States</u>, 397 U.S. 742, 757 (1970).

### Claim 4: Withholding of Exculpatory Evidence

Petitioner asserts in Claim 4 that counsel failed to provide the Commonwealth's Attorney with the victim's recantation and that medical examination results were not provided to petitioner's attorney. An examination of the record shows that the first portion of Claim 4 must be dismissed. The Commonwealth's Attorney indicated in court that he was aware that the victim had recanted. Tr. 25-26, Feb. 28, 2007. Furthermore, as discussed above, petitioner stated to the court that he was satisfied with his counsel's performance, and petitioner's voluntary guilty plea waives his present claim.

Regarding petitioner's claim that medical examination results were not given to his attorney, petitioner states that counsel was aware that the results had not reached him, and that counsel believed the results were irrelevant. Pet. at 11; M. to Quash at 5. Petitioner raised this claim in his state habeas corpus petition, but the Supreme Court of Virginia did not clearly address this claim in its opinion. The court did, however, hold that petitioner's claim that the Commonwealth's Attorney withheld other exculpatory evidence, a tape recording, was barred

6

because a voluntary and intelligent guilty plea waives all non-jurisdictional defenses antecedent to a guilty plea. Peyton v. King, 210 Va. 194, 196-97, 169 S.E.2d , 571 (Va. 1969). The same law would apply to bar the instant claim as well. Id. Furthermore, under § 2254(b)(2), federal district courts have the discretion to forego the exhaustion requirement, which usually necessitates a state habeas ruling on a claim before a federal habeas court can address the claim, for claims that clearly lack merit. See generally, Swisher v. True, 325 F.3d 225, 232-33 (4th Cir.), cert. denied, 539 U.S. 971 (2003) (affirming district court's discretionary decision to elect to deny habeas corpus relief on the merits pursuant to § 2254(b)(2), although claim was "clearly unexhausted"). Here, even if it remains unexhausted, this portion of Ground 4 is clearly without merit and so is subject to dismissal. Petitioner admits that his attorney was aware of the medical examination results and that the attorney dismissed them as irrelevant. If petitioner is asserting an ineffective assistance of counsel claim here, then the claim is barred for the same reasons his other ineffective assistance of counsel claims are barred. If petitioner is alleging that the Commonwealth's Attorney violated petitioner's rights by failing to present the evidence of the results at trial, the claim is without merit. As noted above, a voluntary and intelligent guilty plea waives all non-jurisdictional defenses antecedent to a guilty plea. See Tollett, 411 U.S. at 267; Brady, 397 U.S. at 757. Thus, Claim 4 will be dismissed.

## IV.

For the above stated reasons, respondents' Motion to Dismiss will be granted, and this petition will be dismissed. In addition, petitioner's Motion to Quash will be denied. An appropriate Order shall issue.

Entered this 23rd day of November 2009.

Alexandria, Virginia

/s/ Anthony J. Trenga
Anthony J. Trenga
United States District Judge